UNITED STATES DISTRICT COURT    ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
W. EL-SHABAZZ,

                Plaintiff,    MEMORANDUM AND ORDER

    -against-    09-CV-2168 (JG) (LB)

STATE OF NEW YORK COMMITTEE
ON CHARACTER AND FITNESS FOR
THE SECOND JUDICIAL DEPARTMENT,
PATRICIA D. COLLINS, individually and in
her official capacity, LESLIE S. NIZIN,
individually and in his official capacity,

                Defendants.
---------------------------------------------------------------x
A P P E A R A N C E S:

    WENDELL EL-SHABAZZ,
        114-16 133rd Street,
        South Ozone Park, New York 11420

        Plaintiff *pro se*

    ANDREW M. CUOMO
        Attorney General
        State of New York
        120 Broadway, 24th Floor
        New York, New York 10271
    By:    Anthony J. Tomari

        Attorney for Defendants


JOHN GLEESON, United States District Judge:

        Wendell El-Shabazz, frustrated by how long the Committee on Character and Fitness for the Second Judicial Department was taking to decide his application for a New York law license, brought this action against the committee, one of its members, and one of its employees. He alleges that the committee unfairly applied its rules to excessively delay

consideration of his application because of his race, disability, and criminal history. He asserts claims under various federal, state, and municipal statutes and seeks damages and an order requiring him to be admitted to the New York bar. The defendants move to dismiss. For the reasons set forth below, the motion is granted.

BACKGROUND

On November 1, 2007, El-Shabazz was notified that he had passed the July 2007 New York State Bar Examination and was certified for admission to the New York bar by the board of bar examiners. On December 22, 2007, he submitted an application for a license to practice law to the Appellate Division of the New York Supreme Court. Under New York law, the Appellate Division may not issue a law license to an applicant unless it is satisfied that he "possess[es] the character and general fitness requisite for an attorney and counselor-at-law." N.Y. Judiciary Law § 90-1. As authorized by statute, the Appellate Division has created standing "Committees on Character and Fitness" to investigate applicants' backgrounds for this purpose. *See id.*

As part of the application process, El-Shabazz appeared for a personal interview on April 1, 2008 with defendant Leslie Nizin, a member of the Committee on Character and Fitness for the Second Judicial Department. Nizin probed El-Shabazz about his financial and criminal history, which included a bankruptcy filing and a felony conviction. After the interview, defendant Patricia Collins, the deputy executive secretary of the committee, informed El-Shabazz that his application was being referred to a subcommittee for further consideration because Nizin had concerns about his application. The subcommittee held a hearing on El-Shabazz's application on June 11, 2008, at which he appeared and answered questions about his criminal record and past drug use. After the hearing, El-Shabazz was told that the

subcommittee's report and recommendation would be submitted to the full committee at its November 6, 2008 meeting and that a unanimous vote of the committee was required to approve his application for admission. On November 7, 2008, Collins informed El-Shabazz that the committee was not yet prepared to make a decision on his application and that he would have to appear at a second hearing and present character witnesses.

El-Shabazz chose not to appear at a second hearing. Instead, on December 10, 2008, he filed a petition with the Appellate Division pursuant to N.Y. Comp. Codes R. & Regs. tit. 22, § 690.18. That provision permits the Appellate Division to grant a petitioner admission to the bar if a character and fitness committee has "unreasonably delayed action on an application." In his petition, El-Shabazz alleged that the committee discriminatorily deferred action on his application because of his race, disability, and criminal history, in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; N.Y. Exec. Law § 296-1(a), N.Y. Correct. Art. § 752, and N.Y. City Admin. Code § 8-102.16. The Appellate Division denied his petition on April 29, 2009, stating that it found no merit in his contention that the character and fitness committee had "unreasonably delayed action" on his application. On June 26, 2009, El-Shabazz filed a motion for reconsideration or leave to appeal to the New York Court of Appeals. That motion is pending.

On May 14, 2009, El-Shabazz filed this lawsuit, repeating the allegations of discrimination he made in his petition to the Appellate Division. He asserts the same state and municipal claims he brought in the Appellate Division and several new ones -- federal claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12132 et seq.; 42 U.S.C. § 1981; and 42 U.S.C. § 1983. All of the claims are based on the theory that the

committee unlawfully discriminated against him by needlessly prolonging a decision on his application. He seeks damages and an order requiring him to be admitted to the New York bar.

DISCUSSION

The defendants move for dismissal pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction, among other grounds. *See* Fed. R. Civ. P. 12(b)(1). Because I agree that this Court lacks jurisdiction, I do not address defendants' other proposed bases for dismissal.

A.  *Legal Standard*

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks statutory or constitutional power to adjudicate it. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). When deciding a motion to dismiss under Rule 12(b)(1), a court may refer to evidence outside the pleadings, and it must construe all ambiguities and draw all inferences in favor of the plaintiff. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

B.  *Analysis*

Federal district courts are empowered to exercise original, not appellate, jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The Supreme Court is the only federal court with appellate jurisdiction to reverse or modify a state-court judgment. *See* 28 U.S.C. § 1257; *Exxon Mobil*, 544 U.S. at 283. That, however, is what El-Shabazz is asking this Court to do. El-Shabazz has already filed one lawsuit in New York state court accusing the character and fitness committee of discriminating against him and

seeking an order granting him immediate admission to the bar. He lost. This Court lacks jurisdiction to undo his defeat.

It does not matter that El-Shabazz asserts in this federal action some claims he did not bring in state court. The jurisdictional bar to federal district court review of state court judgments -- known as the Rooker-Feldman doctrine -- deprives this Court of jurisdiction to hear any of El-Shabazz's claims, even those he did not present to the Appellate Division. That doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. The Supreme Court has expressly held that such cases include suits brought by plaintiffs explicitly or implicitly seeking federal district court review of state court decisions denying them bar admission. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

By the doctrine's terms, I do not have the authority to rehear the state and municipal law claims that the Appellate Division already heard and denied. And by the doctrine's logic, I do not have authority to hear El-Shabazz's remaining claims, the federal claims he asserts here for the first time, because they all depend on the same allegations of discrimination and delay by the committee that the Appellate Division rejected when it denied the state and municipal law claims. Because the newly asserted claims are "inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar," adjudicating them would also require me to, in essence, review the decision of the Appellate Division. *See id.* at 483 n.16.

El-Shabazz argues that the Rooker-Feldman doctrine does not apply because he could not have brought the claims he asserts in this federal lawsuit in the Appellate Division

5

because that court is not a court of original jurisdiction. He is mistaken. El-Shabazz petitioned the Appellate Division pursuant to N.Y. Comp. Codes R. & Regs. tit. 22, § 690.18, which specifically authorizes that court to act as a court of original jurisdiction when hearing claims that a character and fitness committee has "unreasonably delayed action" on a petitioner's application. *See also In re Anonymous*, 74 N.Y.2d 938, 940 (N.Y. 1989) ("The Appellate Division is the fact finder on issues of character and fitness . . . ."). El-Shabazz himself treated the Appellate Division as a court of original jurisdiction by asserting claims under federal, state, and municipal anti-discrimination laws in his petition that he had never before brought. Moreover, the New York Court of Appeals can and does review decisions of the Appellate Division denying claims of unlawful discrimination by a character and fitness committee. *See, e.g.*, *id.* ("[O]n issues of character and fitness . . . [o]ur review is limited to ensuring that the proceedings have been conducted in accordance with statutory and regulatory requirements, that no right of the petitioner has been violated, and that there is evidence to sustain the decision of the Appellate Division.").

If El-Shabazz believes that the ruling of the Appellate Division is in error, he may seek review of its decision in the New York Court of Appeals, and if he receives another unfavorable ruling, he may seek review again in the United States Supreme Court. No other federal court may overturn the judgments of those courts.

CONCLUSION

The motion to dismiss for lack of subject matter jurisdiction is granted.[1]

---

[1] I deny as futile El-Shabazz's request, dated November 18, 2009, for leave to amend his complaint because, as he concedes, the proposed amendments do not alter the fundamental allegations in the operative complaint.

So ordered.

John Gleeson, U.S.D.J.

Dated: December 4, 2009
       Brooklyn, New York