```
UNITED STATES DISTRICT COURT                    ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
W. EL-SHABAZZ,

                        Plaintiff,              MEMORANDUM AND ORDER

        -against-                                09-CV-2168 (JG) (LB)

STATE OF NEW YORK COMMITTEE
ON CHARACTER AND FITNESS FOR
THE SECOND JUDICIAL DEPARTMENT,
PATRICIA D. COLLINS, individually and in
her official capacity, LESLIE S. NIZIN,
individually and in his official capacity,

                        Defendants.
----------------------------------------------------------------x
```

JOHN GLEESON, United States District Judge:

W. El-Shabazz's motion for reconsideration of my dismissal of his suit is denied. Only one aspect of his motion warrants discussion.

In his suit, El-Shabazz alleged that the Character and Fitness Committee for the Second Judicial Department (the "Committee") had unlawfully discriminated against him by unjustifiably prolonging a decision on his application to be admitted to the New York bar. As relief, he sought an order that he be admitted to the bar. I dismissed his suit for lack of subject-matter jurisdiction on the basis of the Rooker-Feldman doctrine, which bars federal district court review of state court decisions denying bar admission to particular individuals. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 492 (1983).

El-Shabazz argues that my invocation of the Rooker-Feldman doctrine was inappropriate because he is not complaining about the Appellate Division's denial of his petition, filed pursuant to N.Y. Comp. Codes R. & Regs. tit. 22 § 690.18, in which he requested admission to the bar because the Committee had "unreasonably delayed action" on his

application. Rather, he contends, he is complaining about the actions of the Committee. He relies on *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005), which makes clear that the Rooker-Feldman doctrine does not bar a federal plaintiff's suit unless he is complaining of harm caused by a state court judgment. *See McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007). Since he is complaining about the actions of the Committee, not the Appellate Division's judgment denying his § 690.18 petition, El-Shabazz argues, the Rooker-Feldman doctrine does not prevent his suit.

What El-Shabazz does not understand (and my prior decision may be insufficiently clear on this) is that the action of the Committee he is complaining about is itself the action of the Appellate Division. The Committee is an organ of the Appellate Division; its members are appointed by the Appellate Division to assist that court in discharging its statutory duty to admit to the bar only persons that "possess the character and general fitness requisite for an attorney and counselor-at-law." *See* N.Y. Judiciary Law § 90-1; N.Y. Comp. Codes R. & Regs. tit. 22 § 602.1(b); *Wiesner v. Nardelli*, 307 F. App'x 484, 487 (2d Cir. 2008) ("The Committee on Character and Fitness is an arm of the Appellate Division . . . ."). Consequently, when the Committee declines to issue a certificate attesting that it has investigated to its satisfaction an applicant's character, its refusal is the action of the Appellate Division and it is judicial in nature. *See Feldman*, 460 U.S. at 480-81 (describing a "determin[ation] in light of existing law and in light of [an applicant]'s qualifications and arguments whether [an applicant]'s petition should be granted" as "the essence of a judicial proceeding"); *Raymond v. Moyer*, 501 F.3d 548, 551-52 (2007). Thus, El-Shabazz's complaint falls squarely within the scope of the Rooker-Feldman doctrine even as it was narrowed by *Exxon*. *See Moyer*, 501 F.3d at 551.

Indeed, because El-Shabazz brought this action before the Committee acted on his application, he has another problem: ripeness.[1] Once the Committee acts, El-Shabazz's complaint will then be barred by the Rooker-Feldman doctrine. *See Maddox v. Prudenti*, 303 F. App'x 962, 965-66 (2d Cir. 2008).

So ordered.

John Gleeson, U.S.D.J.

Dated: May 4, 2010
Brooklyn, New York

---

[1] At oral argument on the motion to dismiss, counsel for the Committee stated that the Committee has suspended its review of El-Shabazz's application during the pendency of this litigation.

3